**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-80758-CIV-DAMIAN/Reinhart**

**SAK LIQUIDATION LLC**,

Plaintiff,

v.

**CARGO RISK CONSULTING, LLC**, *et al.*,

Defendants.
_______________________________________/

**ORDER AFFIRMING AND ADOPTING**
**REPORT AND RECOMMENDATION [ECF NO. 92]**
**AND DENYING MOTION FOR MORE DEFINITE STATEMENT [ECF NO. 61]**

**THIS CAUSE** is before the Court on the Report and Recommendation issued on August 4, 2026, by United States Magistrate Judge Bruce E. Reinhart. [ECF No. 92 ("Report")]. In the Report, the Magistrate Judge recommends denying Defendants' Motion for More Definite Statement [ECF No. 61 ("Motion")], filed January 27, 2026. Defendants filed Notices of No Objection to the Report [ECF Nos. 94, 96], and Plaintiff, SAK Liquidation LLC ("SAK" or "Plaintiff"), filed a partial Objection to the Report [ECF No. 97] on August 18, 2026 ("Objection").

THE COURT has considered the Report, the Objection, the Motion and related briefing, the pertinent portions of the record, and relevant authorities and is otherwise fully advised.

In the Report, Judge Reinhart recommends that this Court deny the Motion but *sua sponte* dismiss Counts V–XIII and XVIII–XXII of the Amended Complaint [ECF No. 51] ("Amended Complaint") without prejudice as they fail to comply with Federal Rule of Civil

Procedure 8(a)(2) and constitute shotgun pleadings. The Report also recommends that Counts I and II be dismissed as they fail to state independent claims for relief. Plaintiff does not object to the recommendation that the Motion be denied but objects to Judge Reinhart's conclusions that Counts V–XIII and XVIII–XXII constitute shotgun pleadings and that Counts I and II fail to state independent claims for relief.

For the reasons set forth below, the Report is affirmed and adopted.

## I. BACKGROUND

SAK initiated this action on June 16, 2025, in its capacity as the purchaser of all assets and certain claims belonging to a group of affiliated entities that filed for Chapter 7 bankruptcy, by filing a 136-page Complaint asserting 23 causes of action against 20 Defendants. The lawsuit arises from an alleged "bust out" scheme to divert the assets of the affiliated entities before those entities filed for bankruptcy. *See* ECF No. 1. SAK filed the Amended Complaint on November 17, 2025. [ECF No. 51]. In the Amended Complaint, SAK asserts twenty-six counts against twenty Defendants and the pleading contains 704 numbered paragraphs. *Id*.

On January 27, 2026, 19 of the Defendants[1] filed the Motion now before this Court pursuant to Federal Rule of Civil Procedure 12(e). [ECF No. 61]. In the Motion, the Defendants argue that the Amended Complaint violates Rules 8(a)(2) and 10(b) and is so lengthy, repetitive, and laden with evidentiary material and legal argument that the Defendants cannot reasonably frame a responsive pleading. *Id*. at 1–9. The Defendants

1 The remaining Defendant, Fredrikson & Byron, P.A., filed a separate Motion to Dismiss, which this Court addresses in a separate Order.

requested that SAK be required to replead its claims in a manner that complies with the Federal Rules of Civil Procedure. *Id.* at 9.

SAK opposed the Motion, arguing, among other things, that the Sanders Defendants could reasonably respond to the Amended Complaint because they had previously answered substantially similar allegations in related litigation and that the Motion contains numerous inaccurate citations to the Amended Complaint. [ECF No. 72 at 2–10]. The Defendants replied that the Amended Complaint contains substantial allegations and twenty-six causes of action that were not included in the prior litigation and, further, maintained that the Amended Complaint is so longwinded that it prevents them from reasonably framing a responsive pleading. [ECF No. 74 at 1–6].

This Court referred the Motion to Judge Reinhart for a report and recommendation pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida. The Report followed.

In the Report, Judge Reinhart recommends denying the Motion. [ECF No. 92 at 2]. Judge Reinhart nevertheless recommends that this Court *sua sponte* dismiss specific Counts of the Amended Complaint without prejudice for failure to comply with Rule 8(a)(2). Specifically, Judge Reinhart concludes that Counts V–XIII and XVIII–XXII constitute shotgun pleadings because each count alleges violations of the fraudulent transfer laws of multiple states, and that Counts I and II improperly assert alter-ego and successor-liability theories as independent causes of action. *Id.* at 2–3.

SAK filed Objections, although it does not object to the recommendation that the Motion be denied. [ECF No. 97 at 2]. Instead, SAK objects to the Magistrate Judge's *sua sponte* recommendation that the Amended Complaint be dismissed. As to Counts V–XIII and

XVIII–XXII, SAK argues that it properly pled these fraudulent transfer claims alternatively under the state laws of Florida, Delaware, and Washington, because each of those states' fraudulent transfer statutes contain substantially identical elements and may therefore be asserted within the same counts. *Id.* at 3–6. As to Counts I and II, SAK argues that its acquisition of the bankruptcy trustee's rights under 11 U.S.C. § 544(a) permits it to assert alter ego and successor liability claims in its capacity as a hypothetical judicial lien creditor. *Id.* at 6–10.

No party objects to the Report's recommendation that the Defendants' Rule 12(e) Motion be denied.

## II. LEGAL STANDARDS

A district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes

a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

## III. DISCUSSION

SAK objects only to Judge Reinhart's *sua sponte* recommendations concerning the fraudulent transfer claims and the alter ego and successor liability claims. Objection at 2–10. Accordingly, this Court reviews those portions of the Report *de novo*.

### *A. The Fraudulent Transfer Claims.*

In the Report, the Magistrate Judge recommends dismissing Counts V–XIII and XVIII–XXII as shotgun pleadings because those counts allege violations of the fraudulent-transfer laws of multiple states within individual counts. Report at 2–3. SAK objects that the alternative state law theories do not render the counts shotgun pleadings because the relevant fraudulent transfer statutes contain identical or substantially similar elements and Defendants have adequate notice of the claims against them. Objection at 3–6. Upon *de novo* review, this Court agrees with the Magistrate Judge's recommendation.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule 10(b) requires that, "[i]f doing so would promote clarity," each claim founded on a separate transaction or occurrence be stated in a separate count. Fed. R. Civ. P. 8(a)(2), 10(b). Rule 8(d)(2), as SAK points out, permits a party to plead alternative statements of a claim "either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). But the ability to plead in the alternative does not dispense with Rules 8 and 10's requirements that the pleading provide adequate notice of the claims asserted and separate claims when necessary to promote clarity.

In *Weiland v. Palm Beach County Sheriff's Office*, the Eleventh Circuit identified four general categories of shotgun pleadings, including a complaint that fails to separate "into a different count each cause of action or claim for relief." 792 F.3d 1313, 1321–23 (11th Cir. 2015). Although those categories are only "rough" groupings, the "unifying characteristic" of shotgun pleadings is their failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. And, although SAK objects to the Magistrate Judge raising the issue of shotgun pleading *sua sponte*, as the Magistrate Judge points out, courts have inherent authority to demand "repleader" *sua sponte* when confronted with a shotgun pleading. Report at 2 (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).

This Court agrees with the Magistrate Judge that the fraudulent transfer counts here implicate the concerns raised by the Eleventh Circuit in *Weiland*. SAK does not plead separate claims under Florida, Delaware, and Washington law. Instead, it seeks relief in individual counts under the fraudulent transfer statutes of multiple States. *See, e.g.*, Am. Compl., Counts V–VIII, X–XII, XVIII–XXI. Although the statutes may contain similar elements, they remain separate sources of substantive law. By combining them within individual counts, the Amended Complaint leaves Defendants and this Court to determine which State's law supplies the particular claim for relief and which statutory theory ultimately applies.

SAK argues that this pleading structure is appropriate because the governing law has not yet been determined and the relevant statutes contain identical or substantially similar elements. Objection at 3–5. Rule 8(d)(2) permits SAK to account for that uncertainty by pleading in the alternative. But the ability to plead alternative claims does not permit those claims to be combined within a single count. To the contrary, Rule 10(b) requires separate

counts when, as here, doing so would promote clarity. Fed. R. Civ. P. 8(d)(2), 10(b). Given the numerous transfers, Defendants, and potentially applicable bodies of state law at issue here, separating the alternative statutory claims would make clear the legal basis for each claim and permit the parties and this Court to address each claim under the law applicable to it.

SAK cites *In re Fundamental Long Term Care, Inc.*, 81 F.4th 1264 (11th Cir. 2023), in support of its argument that fraudulent transfer statutes are essentially interchangeable. There, the Eleventh Circuit observed that the potentially applicable fraudulent transfer laws of Delaware, Florida, Maryland, and New York contain substantially similar elements and applied Florida law because the choice of law did not affect the disposition. *Id.* at 1274. But *Fundamental Long Term Care* did not address the issue presented here, which is whether combining claims arising under several States' fraudulent transfer statutes within individual counts complies with Rules 8 and 10. Its determination that the choice of law did not affect the disposition in that case therefore does not resolve the pleading question presented here. SAK comes forward with no authority supporting its contention that it should be permitted to plead, in a single count, a claim for relief under multiple states' laws.

Therefore, this Court agrees with Judge Reinhart that Counts V–XIII and XVIII–XXII, as presently pled, fall within the category of shotgun pleading by improperly combining claims arising under multiple States' fraudulent transfer laws within individual counts. And as such, these Counts are due to be dismissed. SAK remains free to plead those claims in the alternative while the governing law remains unresolved, but the claims must be pled in a manner that permits Defendants and this Court to readily discern the statutory basis for each claim. SAK's Objections as to the Magistrate Judge's recommendation that Counts V–XIII

and XVIII–XXII be dismissed are therefore overruled, and the Report's recommendation to those Counts is affirmed and adopted.

***B. Alter Ego And Successor Liability.***

Judge Reinhart separately recommends that the Court dismiss Count I, which asserts alter ego and veil piercing, and Count II, which asserts successor liability, on grounds those doctrines are theories for imposing liability rather than freestanding causes of action. Report at 2–3. SAK objects that the Report does not account for the bankruptcy context in which its claims arise. Specifically, SAK contends that it purchased the Chapter 7 Trustee's avoidance claims under 11 U.S.C. § 544 and therefore succeeds to the Trustee's rights as a hypothetical lien creditor to pursue alter-ego and successor-liability claims. Objection at 6–10. SAK seems to be missing the point.

In the Amended Complaint, SAK alleges that the Chapter 7 Trustee sold it "all assets and certain claims belonging to the Debtors' bankruptcy estates" and that SAK brings this action as purchaser of those assets and claims. [ECF No. 51 ¶ 14]. Count I includes allegations that several groups of Defendants are alter egos of the Debtors, while Count II includes allegations that TrueNorth Projects LLC, TrueNorth Operations Group, LLC, and NT Holdings, LLC are successors to the Debtors. *Id.* ¶¶ 452–72. The Magistrate Judge found that alter ego and successor liability are not independent causes of action and, therefore, that those claims should be dismissed.

This Court agrees with SAK that Section 544(a) grants a bankruptcy trustee certain "rights and powers" of hypothetical creditors as of the commencement of the bankruptcy case. 11 U.S.C. § 544(a). This Court also notes that the Eleventh Circuit has expressly questioned whether Section 544 supplies a bankruptcy trustee with authority to pursue an alter ego claim

on behalf of creditors. In *Baillie Lumber Co. v. Thompson (In re Icarus Holding, LLC)*, the court observed that other circuits had relied on Section 544 to permit trustees to assert alter-ego claims on behalf of creditors but explained that the Eleventh Circuit's decision in *E.F. Hutton & Co. v. Hadley*, 901 F.2d 979 (11th Cir. 1990), "casts serious doubt on the use of section 544 to bring alter ego actions." 391 F.3d 1315, 1319 n.4 (11th Cir. 2004).

In *Icarus Holding*, the Eleventh Circuit instead considered whether an alter-ego claim constitutes property of the bankruptcy estate under 11 U.S.C. § 541. *Id.* at 1319–21. Under that framework, a trustee may pursue an alter-ego claim when the claim is general to the debtor's creditors and applicable state law permits the debtor corporation to assert the claim. *Id.* Thus, SAK's status as the purchaser of claims belonging to the bankruptcy estates may bear on what claims SAK acquired. But that does not mean that the Magistrate Judge got it wrong when he determined that alter ego and successor liability are not independent causes of action. That is, Section 544(a)'s hypothetical-creditor status does not itself establish that alter ego or successor liability constitutes an independent substantive cause of action.

That distinction is material to SAK's objections. As noted above, the question presented by the Report is not simply whether SAK may invoke alter ego or successor liability in seeking to impose liability upon particular Defendants. Rather, the issue is whether SAK may plead those doctrines as independent causes of action in Counts I and II. SAK's Section 544(a) argument does not address that question.

Nor does SAK's reliance on authority recognizing alter ego as a standalone claim in supplementary proceedings establish otherwise. As SAK acknowledges, those decisions arise in the post judgment context, where a judgment creditor seeks to impose an existing judgment upon an alleged alter ego. Objection at 7–8. Here, by contrast, in the Amended Complaint,

SAK seeks in the first instance to establish Defendants' liability for the substantive claims asserted in this action. This Court agrees with Judge Reinhart that alter ego and successor liability are not separate causes of action for which relief may be granted. *See ripKurrent LLC v. Richard Ballard IRA LLC*, 530 F. Supp. 3d 1281, 1288 (S.D. Fla. 2021) (Ruiz, J.); *Raimbeault v. Accurate Mach. & Tool, LLC*, No. 14-CIV-20136, 2014 WL 5795187, at *9 (S.D. Fla. Oct. 2, 2014) (Bloom, J.); *Tindall v. H & S Homes, LLC*, No. 5:10-CV-044 CAR, 2011 WL 4345189, at *3 (M.D. Ga. Sept. 15, 2011) ("[T]he theory of successor liability merely provides a plaintiff an alternative entity from whom to recover; it does not create a new cause of action against the successor which is independent of the underlying tort."); *see also TTT Foods Holding Co. LLC v. Namm*, No. 16–CV–81798, 2017 WL 2901329, at *5 (S.D. Fla. May 19, 2017) (Middlebrooks, J.), *dismissed,* No. 17-14827-AA, 2018 WL 2022607 (11th Cir. Mar. 16, 2018) ("Plaintiff cites no cases, and the Court is unaware of any, for the proposition that successor liability is an independent cause of action."); *TMCT PLLC v. Wright*, No. 24-CV-81046, 2025 WL 2336079, at *11 (S.D. Fla. June 13, 2025), report and recommendation adopted, No. 24-81046-CIV, 2025 WL 1832833 (S.D. Fla. July 3, 2025) (Damian, J.).

SAK has not cited any cases that stand for the premise that alter ego and successor liability can be pled as freestanding causes of action. Rather, they serve as theories to impose liability on an individual for the acts of a corporate entity, and therefore should be alleged in the body of the complaint—not as a separate count.

Accordingly, SAK's Objections as to Counts I and II are therefore overruled, and the recommendation regarding those counts is adopted.

***C. The Motion for More Definite Statement.***

No party objects to Judge Reinhart's recommendation that the Defendants' Motion for More Definite Statement be denied. Rule 12(e) permits a party to seek a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Amended Complaint is definitely lengthy, but this Court finds no clear error in Judge Rainhart's conclusion that the pleading is not so vague or ambiguous that the Defendants could not reasonably prepare a response if they had to. Accordingly, the Report is adopted as to the recommendation that the Motion for More Definite Statement is denied.

However, as discussed above, this Court has the inherent authority to demand "repleader" *sua sponte* when confronted with a shotgun pleading. *See Vibe Micro, Inc.*, 878 F.3d at 1295. Although Judge Reinhart only found that the fraudulent transfer claims are shotgun pleadings because of the inclusion of multiple state laws in individual counts, this Court finds that the pleading presents another issue that falls well within the prohibition of shotgun pleadings. That is, the Amended Complaint contains more than 450 allegations preceding its twenty-six causes of action, and every individual count broadly incorporates all of those preceding allegations without identifying which allegations support each particular claim. *See* Am. Compl.

Although incorporation by reference is permissible, it is not for this Court to comb through hundreds of allegations concerning different Defendants, transactions, and alleged misconduct to determine which allegations support each cause of action. *See Carvel v. Godley*, 404 F. App'x 359, 361–62 (11th Cir. 2010) (affirming dismissal where the complaint required the district court and defendant to "rummage through page after page of facts and conclusions

to make independent determinations regarding what allegations, if any, fit with each claim, if any"); *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006). This concern is particularly apparent here because the twenty-six counts are asserted against different Defendants and concern different transactions; thus, the same hundreds of factual allegations cannot reasonably pertain to every count.

Accordingly, this Court finds that the entire pleading is due to be dismissed as a shotgun pleading.

## IV. CONCLUSION

Therefore, upon a *de novo* review of the portions of the Report to which SAK properly objected, the undersigned agrees with Judge Reinhart's well-reasoned findings and thorough analyses and conclusions and agrees with Judge Reinhart's recommendations. Specifically, this Court finds that SAK's Objections are due to be overruled and that Counts V–XIII and XVIII–XXII should be dismissed as shotgun pleadings and that Counts I and II should be dismissed without prejudice. This Court further finds no clear error in the unobjected to recommendation that the Motion for More Definite Statement be denied. And, finally, this Court finds that the Amended Complaint is due to be dismissed in its entirety as a shotgun pleading.

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Bruce E. Reinhart's Report and Recommendation on Motion for More Definite Statement **[ECF No. 92]** is **AFFIRMED AND ADOPTED** in its entirety and incorporated by reference for all purposes, including for appellate review.

2. Plaintiff, SAK Liquidation LLC's, Objection, in Part, to the Magistrate Judge's Report and Recommendation on Motion for More Definite Statement **[ECF No. 97]** is **OVERRULED**.
3. Defendants' Motion for More Definite Statement **[ECF No. 61]** is **DENIED**.
4. The First Amended Complaint **[ECF No. 51]** is **DISMISSED WITHOUT PREJUDICE**.
5. In the event Plaintiff intends to file a Second Amended Complaint, it shall do so within fourteen (14) days of the date of this Order. The Second Amended Complaint shall comply with the rulings and admonitions set forth in this Order.
6. Defendants shall respond to the Second Amended Complaint as permitted by the Federal and Local Rules and this Court's prior Orders.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 29th day of September, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of record